UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. H 92-191 |
| | § | |
| JOE GAMBOA RODRIGUEZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Joe Gamboa Rodriguez has filed a motion to vacate the 12 month and 1 day sentence imposed when his supervised release was revoked on December 13, 2010. (Docket Entry No. 136). He has also filed a motion to reduce that sentence. (Docket Entry No. 137). Both motions are based on the argument that the revocation and sentence were imposed in violation of his constitutional rights, in part because he did not have the opportunity to see the laboratory results cited as the basis for the violation. Both motions seek relief under 28 U.S.C. § 2255. Gamboa Rodriguez has an appeal pending from the revocation judgment and sentence as well. (Docket Entry No. 124). That appeal, USCA No. 10-20852, is pending before the United States Court of Appeals for the Fifth Circuit. "[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1004 (1989), *citing Jones v. United States,* 453 F.2d 351, 352 (5th Cir.1972). Where, as here, a defendant seeks § 2255 relief while a direct appeal is pending, the district court should decline to address the motion. As the Fifth Circuit noted in *Welsh v. United States:* "A motion to vacate under 28 U.S.C. § 2255 will not be entertained during the pendency of

a direct appeal, in as much as the disposition of the appeal may render the motion moot." 404 F.2d 333, 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F.2d 327, 334 (5th Cir.1988). A § 2255 motion should generally not be heard where a direct appeal is pending, unless extraordinary circumstances are present. The record discloses no such circumstances. The motions to vacate and reduce the sentence are denied, without prejudice.

SIGNED on May 24, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge